No. 21,842.

E. M. ARNOLD, *Appellee,* v. THE GARNETT LIGHT AND FUEL COMPANY, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. INJUNCTION—*Temporary Injunction Granted—Presumptions as to Sufficient Evidence.* An order granting a temporary injunction will not be reversed where the order, to be correct, must be supported by evidence tending to prove certain facts, and there is nothing in the abstracts to show that such evidence was not introduced, or that such facts did not exist.

2. OIL AND GAS LEASE—*Duration of Lease.* Under the provisions of the oil and gas lease in controversy, which provisions are set out in the opinion, the lease runs for 50 years, if gas or oil is found in paying quantities, or if the stipulated annual rental of one dollar an acre is paid.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed May 11, 1918. Affirmed.

*J. G. Johnson, Manford Schoonover, Noah L. Bowman,* and *John K. Bowman,* all of Garnett, for the appellant.

*F. M. Harris,* and *W. S. Jenks,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff obtained a temporary injunction enjoining defendant the Garnett Light and Fuel Company and its officers, agents, and employees from interfering with the plaintiff's drilling for oil on an 80-acre tract of land in Anderson county. The Garnett Light and Fuel Company appeals from the order granting the injunction.

1. The principal error assigned is that the court erred in granting the temporary injunction. On December 22, 1903, W. C. Tippen and wife executed and delivered to Fred Ball an oil and gas lease on the land. Ball afterward conveyed a one-half interest in the lease to Frank McCuddy. On August 18, 1904, Ball and McCuddy, as parties of the first part, entered into a contract with J. B. Levy, as party of the second part, to form a corporation to be known as the Garnett Gas Com-

Arnold v. Light and Fuel Co.

pany, and designated in the contract as party of the third part. By the contract the gas rights under the lease were separated from the oil rights. The gas rights were transferred to the Garnett Gas Company, while the oil rights were retained by Ball and McCuddy. The plaintiff holds under Ball and McCuddy, and the Garnett Light and Fuel Company has succeeded to the rights of the Garnett Gas Company. The contract contained the following provisions:

"13. It is agreed that second party shall pay (until third party shall ratify this contract when it shall pay and be responsible for) one-half of the cash rentals on not to exceed 1000 acres of the short term leases, for two annual payments, after which first party is to pay the same, provided however, that when any cash rental falls due upon any of the leases herein mentioned as provided in said original lease (except as herein before specified and agreed) if said first party elect not to pay said cash rentals the said third party after ratifying this contract (and the said second party until said ratification) may pay the same and thereupon it shall be the duty of said first party to assign such lease or leases to the said second or third party as the case may be, upon tendering said first party the legal notary fees for so doing, first party giving thirty days' notice to third party of their intention to abandon said lease or leases.

"14. It is agreed that the party owning the oil right and the party owning the gas right shall operate their separate properties so as to interfere as little as practical with the interest of each other.

"15. In case a gas well ceases producing and produces oil it is to become the property of first parties on payment of the actual value of the casing and equipment.

"16. It is agreed that if the party owning the gas right shall encounter oil in paying quantities in any of its wells to be drilled or that may be hereafter drilled on the above leases the party owning the oil rights agrees to take such well and pay the actual cost of the same within thirty days from completion and if the parties owning the oil right while drilling on any of the above leases shall encounter gas in paying quantities in any of its said wells to be drilled or that may be hereafter drilled on said leases the party owning the gas rights agrees to take such well and pay the actual cost of the same within thirty days from completion and if the parties cannot agree as to the actual cost of such well or as to whether such wells are producing gas or oil in paying quantities then it is to be left to three disinterested persons each choosing one and these two so chosen choosing the third whose determination as to the actual cost of the well and as to whether it is producing gas or oil in paying quantities is to be final.

"17. In case a well produces both oil and gas in paying quantities the party drilling the well is to have his choice of surrendering or retaining the same."

The Garnett Light and Fuel Company, or its predecessor, paid the rentals under the lease. There was no direct evidence that the plaintiff abandoned or released his rights under the lease and contract, although there is set out in the abstracts correspondence which tends to show that each of the parties to this action desired to place on the other the obligations arising out of the oil rights. The abstracts also indicate that there was some oral evidence introduced on the hearing of the application for a temporary injunction, and that there were statements and admissions made by counsel, none of which has been abstracted. Special findings of fact were not made by the court; but, in order to justify a temporary injunction, the court must have found and held that the plaintiff's oil rights under the lease and the contract were in full force and effect. This conclusion is sustained by a statement of the court subsequently made in another proceeding in this action. That statement was as follows:

"Upon further consideration of the original lease, I am still of the opinion that it is in full force and effect, and that the rights of the parties must now be measured by the agreement of August 18, 1904."

If the finding necessarily made by the court to justify granting a temporary injunction was correct, there was no error in granting the injunction. The abstracts do not disclose that such a finding was not correct.

1. The Garnett Light and Fuel Company contends that the lease from Tippen and wife expired on December 22, 1905. This contention is based on the following provisions contained in the lease:

"To have and to hold the same unto the lessee, his heirs and assigns, for the term and period of two years from the date hereof, and as much longer (not exceeding fifty (50) years as coal, oil, water, mineral water, gas, or other mineral are found in paying quantities thereon. . . . In case no well shall be found on the above described premises within two years from the date hereof, this lease shall become null and void and without any effect whatever, unless the lessees shall pay for further delay at the rate of one ($1.00) dollar [an acre] per year at or before the end of each year thereafter, until a well shall be found on said premises."

By these provisions, the lease was to extend 50 years, if gas or oil was found in paying quantities, or if the annual rental of $1 an acre was paid before the end of each year until a well should be found on the premises. The rentals have been paid,

and the lease has not expired. On October 11, 1917, the Garnett Light and Fuel Company obtained another lease on the same property from the then owners, which lease contained the same provisions as the first one. The second lease did not have any effect on, nor change, any right of the plaintiff under the first lease and under the contract.

The judgment is affirmed.