No. 22,039.

E. M. ARNOLD, *Appellee*, v. THE GARNETT LIGHT AND FUEL COMPANY, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. GAS LEASE—*Separation of Gas Rights and Oil Rights—Escaping Gas through Oil Well—Injunction Refused.* Where parties holding under a gas and oil lease have separated the gas rights from the oil rights, one taking the gas and the other the oil, and have contracted that each shall interfere as little as practical with the interests of the other, the owner of a well which produces both gas and oil should not be enjoined at the suit of the other party from permitting the gas to escape from the well, if the oil cannot be produced without so doing.

2. SAME. Stipulations in a contract separating the gas and oil rights under a gas and oil lease should not be enforced by injunction in violation of the rights of the landowner.

3. WASTE OF GAS—*Statutory Provision—Action to Enjoin—Proper Party Plaintiff.* Where individual property rights are not involved, actions to enforce the statute concerning the waste of gas (Gen. Stat. 1915, § 4970) must be prosecuted in the name of the state by the proper public officers.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed September 20, 1918. Affirmed.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* all of Wichita, *J. G. Johnson, N. L. Bowman, John K. Bowman,* and *Manford Schoonover,* all of Garnett, for the appellant.

*W. S. Jenks,* and *F. M. Harris,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant, the Garnett Light and Fuel Company, hereinafter termed the company, sought a temporary injunction to restrain the plaintiff from permitting natural gas to escape from a well producing both gas and oil. The temporary injunction was denied, and the company appeals.

Another phase of this action has heretofore been presented to this court. The conclusion then reached is found in *Arnold v. Light and Fuel Co.,* 103 Kan. 166, 172 Pac. 1012. Most of the facts there stated are material in solving the present controversy, and they will not be repeated; but, in order to determine the questions now urged, it is necessary to state some additional facts disclosed by the record. The contract, under which both the plaintiff and the company claim to operate as between themselves, contains the following provision:

"12. It is agreed by and between the parties that no oil well shall be drilled closer than one thousand feet to any gas well so long as the same is producing ¼ million cubic feet per day."

The plaintiff drilled a well on the property leased. That well produces both gas and oil in paying quantities. The plaintiff has retained the well and, in securing the oil therefrom, has allowed the gas to escape into the open air. The evidence tended to show, and the court in substance found, that the oil cannot be secured without allowing the gas to escape.

1. The company contends that under the contract it has a

right to an injunction to stop the waste of gas. The rights of the plaintiff and of the company, as between themselves, are fixed by the contract. It contemplates that each in operating his property may necessarily interfere with the property of the other. The well is the property of the plaintiff, and, until it is turned over to the company, its products belong to the plaintiff. So far as the company is concerned the plaintiff can do with those products as he sees fit. He can utilize them, or he can waste them. The company has no right to them nor any control over them. It has no right to the injunction asked for.

2. It is urged that an injunction should have been granted to restrain the plaintiff from drilling an oil well within one thousand feet of a producing gas well of the company. The landowners, John Ross and Mary Ross, successors to the original lessors, are parties to this action, and their rights under the lease are involved. The lease does not contain any one-thousand-foot restriction. As against these landowners that restriction in the contract between the plaintiff and the company cannot be enforced. The landowners have a right to a proper development of the property, without regard to the contract between the plaintiff and the company, and an injunction should not be granted in violation of that right.

3. It is contended that an injunction should be granted because gas is allowed to escape in violation of section 4970 of the General Statutes of 1915, which section, in part, reads:

"That it shall be unlawful for any person, firm or corporation having possession or control of any natural-gas or oil well, whether as a contractor, owner, lessee, agent, or manager, to use or permit the use of gas by direct well pressure for pumping of oil or for blowing oil out of wells, or for operating any machinery by direct well pressure of gas, or to allow or permit the flow of gas or oil from any such well to escape into the open air without being confined within such well or proper pipes or other safe receptacle for a longer period than two days after gas or oil shall have been struck in such well."

The enforcement of this statute is a public duty, and prosecutions under it must be in the name of the state; but, if property rights of an individual are injured by a violation of the statute, an appropriate action will also lie in favor of that individual. What has been said concerning the rights of the plaintiff and of the company under the contract between them is applicable

here. The company cannot prosecute an action to enjoin the plaintiff from permitting gas to escape from the well into the open air.

The judgment is affirmed.